IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-349-FL

| | | |
|---|---|---|
| EUGENE WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c) (DE ## 13, 23). On May 6, 2010, United States

Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") pursuant

to 28 U.S.C. § 636(b)(1), wherein he recommended that the court deny plaintiff's motion, grant

defendant's motion, and uphold the Commissioner's final decision (DE # 25). Plaintiff timely filed

an objection to the M&R (DE # 26), and defendant did not respond. In this posture, the issues raised

are ripe for adjudication. For the reasons that follow, the court sustains plaintiff's objection and

remands this case to the Commissioner for further proceedings.

**STATEMENT OF THE CASE**

A.    First Application for Benefits

Plaintiff protectively filed a application for supplemental security income ("SSI") on

November 12, 2003, alleging disability beginning at birth. (R. at 20.) On December 20, 2003,

plaintiff filed an application for disability insurance benefits ("DIB"), alleging disability beginning

January 1, 1987. (Id.) After plaintiff's claim for SSI was denied initially on March 30, 2004, his

claims for SSI and DIB were combined and escalated to the reconsideration level. (Id.) On July 15, 2004, both claims were denied upon reconsideration. (R. at 20, 43-44.) Plaintiff thereafter filed a timely request for a hearing before an administrative law judge ("ALJ") (R. at 46.).

The hearing was held on March 1, 2006 before ALJ Jon Hunt. (R. at 207-39.) At the hearing, plaintiff amended his alleged onset date of disability to November 12, 2003, and relinquished his DIB claim because his last insured date for DIB was June 1990. (R. at 109, 209-11.) ALJ Hunt issued an unfavorable decision on March 16, 2006. (R. at 17-27.) On January 26, 2007, the Appeals Council upheld the decision of ALJ Hunt, which thereby became the final decision of the Commissioner (R. at 6-8.) Plaintiff then successfully challenged the Commissioner's final decision in this court, and the matter was remanded for further proceedings. (R. at 265-66, 279-82.)

On April 3, 2009, ALJ Hunt held a second hearing on the claim. At this hearing, plaintiff was represented by counsel and a vocational expert testified. (R. at 289-317.) On April 23, 2009, ALJ Hunt issued a second unfavorable decision. (R. at 250-57.) Plaintiff sought review before the Appeals Council, but it declined jurisdiction. (R. at 240-46.) ALJ Hunt's second decision thereby became the final decision of the Commissioner.

B.      Second Application for Benefits

Plaintiff protectively filed a second application for SSI on March 30, 2006, alleging disability beginning March 17, 2006 – the day following ALJ Hunt's initial unfavorable decision. (R. at 239.) Plaintiff's second application was denied initially and upon reconsideration. (R. at 329.) A hearing was held before ALJ Larry Miller on May 10, 2007, which plaintiff did not attend and which was continued on plaintiff's counsel's request for a consultative examination. (R. at 329, 539-47.) Plaintiff also did not attend the rescheduled hearing, held on October 23, 2007, at which a vocational

2

expert testified. (R. at 527-38.) ALJ Miller issued an unfavorable decision on October 25, 2007. (R. at 326-37.) On June 9, 2009, the Appeals Council denied plaintiff's request for review, and ALJ Miller's decision was rendered the final decision of the Commissioner. (R. at 318-21.)

C.      Proceedings Before This Court

On August 4, 2009, plaintiff requested leave to proceed before this court *in forma pauperis* to challenge the Commissioner's unfavorable decisions on his SSI claims. The court granted plaintiff's *in forma pauperis* request, and plaintiff filed complaint on August 10, 2009. The Commissioner answered on October 16, 2009. Plaintiff moved for judgment on the pleadings on December 18, 2009, and the Commissioner followed suit on March 9, 2010. The matter was referred to the magistrate judge, who recommended on May 6, 2010, that the court uphold the Commissioner's decisions. Plaintiff timely objected on May 24, 2010.

## DISCUSSION

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Commissioner's denial of benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The court must uphold the factual findings of the Commissioner "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing the Commissioner's decision,

3

the court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589. Thus, "[e]ven if [it] disagrees with the Commissioner's decision, the court must uphold [that decision] if it is supported by substantial evidence." Grant v. Astrue, 574 F. Supp. 2d 559, 562 (E.D.N.C. 2008) (citing Hays v. Sullivan, 907 F.3d 1453, 1456 (4th Cir. 1990)).

To assist it in determining whether the Commissioner's decisions are supported by substantial evidence and were reached through application of the correct legal standard, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations," which the court may "accept, reject, or modify, in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(B), (C). Where a party objects the magistrate judge's disposition, the district court reviews *de novo* those portions of the M&R to which specific objections are filed. Id. Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (noting that *de novo* review is unnecessary where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations").

B.    Analysis

The Social Security Administration employs a five-step analysis in determining disability, in which it considers: (1) whether the claimant engaged in substantial gainful employment; (2) if not, whether the claimant has a severe impairment based upon the medical evidence; (3) whether the claimed impairment meets or exceeds one of the listings found in the appropriate regulations (if so,

4

the claimant will be found disabled without further analysis); (4) whether the impairment prevents the claimant from returning to past work; and (5) whether the impairment precludes the claimant from performing other work. See Mastro, 270 F.3d at 177 (citing 20 C.F.R. § 404.1520(b)). The ALJs reviewing plaintiff's respective applications for benefits both found that plaintiff had not engaged in substantial work activity and does have one or more severe impairments, but that such impairments do not meet a listing. The ALJs held that plaintiff was not disabled because his impairments did not preclude him from working, based on a finding that plaintiff has residual functional capacity ("RFC") to perform work that is simple, routine and repetitive.[1] The magistrate judge found that substantial evidence supported the ALJs' decisions, and would uphold the decisions on that basis.

Plaintiff raises three objections to the magistrate judge's analysis. The court need only address the second objection: that the ALJs erred at step three of the process in failing to find that plaintiff meets the listing for mild mental retardation, set forth at 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. Section 12.05 requires a two-part inquiry by the ALJ. See Norris v. Astrue, No. 7:07-CV-184-FL, 2008 WL 4911794, at *3 (E.D.N.C. Nov. 14, 2008). First, the ALJ must determine whether plaintiff satisfies the diagnostic description of mental retardation.[2] Id. Second, the ALJ must determine whether plaintiff meets the severity level for the listing by satisfying the requirements of one of four enumerated subsections. Id. Where plaintiff alleges he qualifies under the severity level set out at § 12.05C, he must demonstrate "[a] valid verbal, performance, or full scale IQ of 60

---

[1] ALJ Miller found plaintiff's RFC to be further limited to include certain non-exertional mental restrictions, meaning specifically that plaintiff is able only to function in low stress and low production work environments.

[2] "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

5

through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05C.

Neither ALJ discussed whether plaintiff satisfies the diagnostic description of mental retardation, but the court will assume from their continued analysis of the severity prong of § 12.05 that the ALJs decided this initial issue in plaintiff's favor. The ALJs noted that plaintiff had a valid IQ score of 70, which is within the range set forth by § 12.05C, but found that plaintiff did not have an additional and significant work-related limitation in function. (R. at 253, 332.) However, this finding was legal error because the "work-related limitation of function" requirement of § 12.05C is satisfied where a claimant is found to have a "severe impairment" at step two of the five-part analysis. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A; Luckey v. Dept. of Health & Human Servs., 890 F.2d 666, 669 (4th Cir.1989); see also Markle v. Barnhart, 324 F.3d 182, 188 (3d Cir. 2003). Because the ALJs found that plaintiff suffered from a "severe impairment" at step two of the five-part analysis, they should have concluded that plaintiff met the listing set out at § 12.05C.[3]

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the M&R to which specific objections have been filed, the court declines to adopt the magistrate judge's recommendations (DE # 25). Instead, the court finds that the ALJs failed to properly consider plaintiff under Listing 12.05C. Accordingly, plaintiff's motion for judgment on the pleadings (DE

---

[3] ALJ Miller found that plaintiff suffered from two severe impairments – mild mental retardation and a history of electric shock – and explicitly concluded that "[t]hese conditions significantly impact on the claimant's ability to perform basic work-related activities." (R. at 331.) The second impairment (history of electric shock) is without question an "additional" work-related limitation of function. ALJ Hunt, by contrast, found that plaintiff suffered from the severe impairment of being a "slow learner." (R. at 252.) It is unclear whether ALJ Hunt would find that plaintiff's severe impairment of being a "slow learner" is in addition to that of his mental retardation, or whether these are merely different name for the same severe impairment. This is a question that can only be answered by the ALJ on remand, and not by this court on review of the ALJ's decision.

# 13) is GRANTED, plaintiff's motion for judgment on the pleadings (DE # 23) is DENIED, and these matters are REMANDED to the Commissioner for further proceedings consistent with this order. The clerk is DIRECTED to close the case.

SO ORDERED, this the 9ᵗ day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

7